IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LT. COLONEL JAICOURRIE FINLEY, | ) ) ) | CIV. NO. 10-00421 DAE-KSC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT, DENYING IN FORMA PAUPERIS |
| vs. | ) ) | APPLICATION, AND DENYING MOTION TO SEAL |
| HONOLULU POLICE DETECTIVE JARBIN RIVAS, BRUCE ZELLER, BRAD LIVINGSTON, HONOLULU POLICE SERGEANT JASON MCFARLAND, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT, DENYING IN FORMA PAUPERIS APPLICATION, AND DENYING MOTION TO SEAL

On July 22, 2010, pro se Plaintiff Lt. Colonel Jaicourrie Finley,

incarcerated in the Bill Clements Unit of the Texas Department of Criminal Justice

(TDCJ), in Amarillo, Texas, filed this prisoner civil rights complaint pursuant to 42

U.S.C. § 1983.  Plaintiff seeks *in forma pauperis* status and a court order sealing an

exhibit submitted with his Complaint.  Plaintiff alleges that two TDCJ officials

tortured and sexually abused him, and two Honolulu Police Officers refused to

accept his complaint or initiate legal proceedings regarding this abuse.  The

Complaint and action are DISMISSED pursuant to 28 U.S.C. § 1915A &

§ 1915(e)(2).  Plaintiff's *in forma pauperis* application and Motion to Seal are DENIED.

## I.  <u>BACKGROUND</u>

Plaintiff's claims are somewhat difficult to decipher or to put into a coherent timeline.  Plaintiff alleges that Defendants Zeller and Livingston, allegedly TDCJ prison officials, sexually and physically abused him, apparently while Plaintiff was in TDCJ custody in Texas.  (*See* Compl., Counts II and III.) Plaintiff further alleges that Livingston and Zeller "retaliated [against him] for filing administrative grievances while in custody."  (*Id.*, Counts II & III at ¶ 3.)

Plaintiff says that he "was temporarily released from state [TDCJ] custody for medical purposes and in Hawaii," in August 2008.  (*See* Compl. Counts I-IV.)  While in Hawaii, Plaintiff claims that he complained to Honolulu Police Officers Rivas and McFarland about Zeller and Livingston's abuse. Plaintiff apparently alleges Rivas and McFarland refused to initiate a criminal investigation or file a police report against Zeller and Livingston.  (*See Id.*, Counts I and IV.)

Plaintiff submitted a document with his complaint, from which the court gleans further details informing Plaintiff's claims.[1]  Plaintiff states that Zeller and Livingston were in Hawaii, at an unnamed hotel, "celebrating the [TDCJ Bill Clements] Unit annual employee of the year picnic."  (Doc. 5)   Plaintiff alleges that Zeller and Livingston spotted Plaintiff at this prison employees' picnic, called the Honolulu Police Department (HPD), and had Plaintiff arrested for escape. Plaintiff claims he was then falsely imprisoned for forty-one days.  Plaintiff says that HPD Internal Affairs investigated his claims against Zeller and Livingston, and then sent a video of Plaintiff, Zeller, Livingston, and another man, engaged in sexual acts to the TDCJ.  Plaintiff claims that the Texas "Office of the Inspector General" investigated, and recommended prosecution, but the TDCJ declined to do so.  (*Id.*)  Plaintiff claims that he was then "released from Hawaiian Authorities and after a medical transplant returned to the custody of the State of TX, TDCJ-Bill Clements Unit."  (*Id.*)

## II.  LEGAL STANDARD

Federal courts must engage in a preliminary screening of cases in which prisoners request to proceed *in forma pauperis*, or seek redress from a

---

[1] Plaintiff seeks to have this document sealed.  (*See* Docs. 3, 4 & 5, "Motion to Seal," Pl.'s Aff. in Support, and Exhibit 1, "[TDCJ] Offender Protection Witness Statement/ Report of Interview.")

governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§§ 1915(e)(2) & 1915A(a).  The court must identify cognizable claims and dismiss

the complaint, or any portion of the complaint, if the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or "seeks

monetary relief from a defendant who is immune from such relief."  *Id.*

§§ 1915(e)(2)(B) & 1915A(b).  A complaint is frivolous, if it "lacks an arguable

basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The *in forma pauperis* statute, 28 U.S.C. § 1915

> accords judges not only the authority to dismiss a claim based on an
> indisputable meritless legal theory, but also the unusual power to
> pierce the veil of the complaint's factual allegations and dismiss those
> claims whose factual contentions are clearly baseless.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490

U.S. 319, 327 (1989) (quotations marks omitted)).  A finding of factual

frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful,"

"fantastic," "delusional" or wholly incredible "whether or not there are

judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 32-33

(quoting *Neitzke*, 490 U.S. at 325, 327-28); *see Ashcroft v. Iqbal*, ---U.S.---,

---, 129 S. Ct. 1937, 1959 (2009) (noting that allegations of "little green men,"

"recent trip[s] to Pluto" or "experiences in time travel" are "sufficiently fantastic").

A court must not dismiss a complaint simply because the set of facts presented by

4

the plaintiff appears to be "unlikely[,]" *Denton*, 504 U.S. at 33, yet, at the same time, a complaint must allege facts "to state a claim . . . that is plausible on its face." *Bell Atl. Com. v. Twombly*, 550 U.S. 544, 570 (2007).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Even if a plaintiff's specific factual allegations may be consistent with a constitutional claim, the court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 127-29 (9th Cir. 2000) (*en banc*); Moss, 572 F.3d at 971. The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also*

*Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## III.  DISCUSSION

For the following reasons, the court determines that Plaintiff's Complaint is frivolous and fails to state a cognizable claim and must be dismissed.

### A.    The Complaint Is Frivolous

Plaintiff has filed forty complaints or habeas corpus petitions in the federal courts since **March 15, 2010.**  *See* PACER, U.S. Party/Case Index, avail. at: http://pacer.upsci.uscourts.gov.[2]  In most, if not all, of these actions Plaintiff makes claims concerning the alleged sexual and physical abuse he has suffered at the hands of TDCJ prison officials, including Zeller, Livingston, and many others. In many of his habeas petitions, Plaintiff protests alleged due process violations and disciplinary proceedings stemming from his filing grievances regarding these

---

[2] This court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001); *see also Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding a court may take judicial notice of records and reports of administrative bodies).

sexual assault charges.  *See e.g.,* Nos. 2:2010cv00078; 2:2010cv00102;

2:2010cv00114; 2:2010cv00152; 2:2010cv00161.[3]

   For example, on May 17, 2010, Plaintiff filed an uncannily similar

civil rights action in the U.S. District Court for the Southern District of New York.

*See Finley v. Perry*, Civ. No. 10-04209 (S.D.N.Y. 2010).  In that action, Plaintiff

also claims that he was temporarily released from TDCJ custody for medical

reasons in 2008 and was sent to New York.   Plaintiff claims that he was raped by

Texas Governor Rick Perry in the St. Regis Hotel in New York City.  (*See* Civ. No.

10-04209,  Compl.)  Plaintiff claims that he tried to report this sexual assault to the

New York City Police Department (NYPD), but was thwarted by Perry and others,

and alleges a claim of action against various NYPD Officers for their refusal to

investigate and file a police report.  Plaintiff alleges that this occurred in October

2008, only two months after the actions he sets forth here.  On July 13, 2010, the

District Court for the Southern District of New York dismissed Plaintiff's

complaint as frivolous, with leave granted to amend to cure its deficiencies.  (*See*

Doc. 3.)

---

[3] Many of the more than thirty-four habeas petitions Plaintiff has filed in the past three and a half months are identical to each other.

Similarly, in *Finley v. Livingston*, Civ. No. 10-00622 (N. Dist. Tex. 2010) (transferred to the Amarillo Division on April 1, 2010, now Civ. No. 10-00073), Plaintiff claims he was sexually assaulted by Livingston, Zeller, and forty-seven other TDJC employees (later reduced to twenty-one defendants) in Dallas between May 2008 and February 2010.  Plaintiff mentions that he was "temporarily released" from custody during this time and was also raped and abused in New York and Hawaii.  (*See* Civ. No. 10-00622, Compl. Doc. 1.)  The U.S. District Court for the District of Texas, Amarillo Division, allowed Plaintiff to amend the complaint, *see* Doc. 19, and after the amended complaint did not cure the noted factual discrepancies, entered a report and recommendation to dismiss Plaintiff's complaint with prejudice as factually frivolous.  (*See* Doc. 33.)

In *Finley v. Biden*, Civ. No. 10-00622, Plaintiff alleged that he was kidnaped from a TDCJ Unit in February 2009 and taken to the Cayman Islands. (*See* Civ. No. 10-00622, Doc. 1, Compl.)  While in the Cayman Islands, Plaintiff alleged that he was sexually assaulted by Vice President Joseph Biden, Bill Gates, Texas Governor Rick Perry, and as he alleges in the present case, TDCJ Director Brad Livingston, among many others.  The court determined that Plaintiff's complaint was frivolous and recommended dismissal with prejudice.  (*See Id.*, Doc.

8

6.)  Before the report and recommendation was adopted, however, Plaintiff moved for voluntary dismissal of the action, doc. 9, which was granted.  (*Id.* Doc. 12.)

The court has also reviewed the TDCJ "Offender Information Search," available at http://168.51.178.33/webapp/TDCJ/index2.htm.  That website indicates that Plaintiff has been incarcerated in Texas since at least 2004, where he is currently serving two sentences, a seven-year term imposed in 2004,[4] and a sixteen-year term imposed in 2006.  Although Plaintiff was *eligible* for parole on November 21, 2008, he has not been granted parole yet, nor is he scheduled for early release at this time.  Thus, it appears that Plaintiff was incarcerated in Texas in August 2008, during the time period when he alleges he was in Hawaii.

In light of the numerous other complaints that Plaintiff has recently filed against Defendants Zeller and Livingston, alleging that they sexually abused him **while he was in Texas and in TDCJ custody from 2008 through 2010**, his claims that he was temporarily released for medical reasons and came to Hawaii in August 2008, are simply implausible.  Plaintiff's identical allegations in his New York complaint, naming NYPD officers and Governor Rick Perry, further supports a finding that Plaintiff's claims here are baseless and fanciful.  This court is

---

[4] This sentence was imposed for "Harassment by a Person in a Correctional Facility," concerning an incident that occurred in 1999, suggesting that Plaintiff was in prison in 1999 also.

required to draw on its judicial experience and common sense in determining whether a complaint is plausible.  *See Iqbal*, 129 S. Ct. at 1049-50.  After a careful review of Plaintiff's Complaint and accompanying documents, as well as the numerous pleadings Plaintiff has filed in the other federal courts this year, this court is convinced that Plaintiff's claims in the present Complaint are baseless, fanciful, fantastic, delusional, and/or wholly implausible.  The Complaint is DISMISSED as frivolous.

**B.    The Complaint Fails to State a Claim**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *West v. Atkins*, 487 U.S. 42, 48 (1988).

*1.    Claims Against Rivas and McFarland Are Dismissed*

Plaintiff alleges that HPD Officers Rivas and McFarland refused to institute criminal proceedings against Zeller and Livingston.  Plaintiff admits, however, that the Honolulu Police Department investigated his claims, had video tapes of the alleged sexual assault, and sent this evidence to Texas for further

investigation, because, presumably, that is where the assault took place.  These

statements clearly contradict each other; either HPD investigated his claims or they

did not.  Nonetheless, the court liberally construes Plaintiff's statements as an

attempt to compel the prosecution of Zeller and Livingston in Honolulu for their

alleged sexual assault of Plaintiff (which, although unclear, apparently occurred in

Texas).

       "[A] private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S.

614, 619 (1973) (interest in prosecution of another does not support standing).

Additionally, the violation of criminal statutes rarely provide a private right of

action.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Ellis v. City of San

Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding that the California Penal

Code does not create enforceable individual rights); *Aldabe v. Aldabe*, 616 F.2d

1089, 1092 (9th Cir. 1980).  To imply a private right of action, there must be " 'a

statutory basis for inferring that a civil cause of action of some sort lay in favor of

someone.'"  *Chrysler Corp.*, 441 U.S. at 316 (quoting *Cort v. Ash*, 422 U.S. 66, 79

(1975)).

Sections 707-730 to 707-734 of the Hawaii Revised Statutes (HRS) incorporate the offense of sexual assault into five degrees. These statutes are clearly criminal; their violation incurs imprisonment or fines. *See* HRS §§ 706-659-663. A plain reading of these statutes shows that provide for adequate enforcement by creating criminal penalties and do not expressly create a private right of recovery. *See Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) ("[W]e refuse[ ] to infer a private right of action from 'a bare criminal statute'. . . [a]nd we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions."). Thus, Plaintiff's claim against Rivas and McFarland fail to state a claim and are DISMISSED.

### 2.   *Claims Against Zeller and Livingston Are Dismissed*

It is also clear that Plaintiff's claims against Zeller and Livingston must be dismissed. First, as noted above, Plaintiff has made identical claims against these two defendants in his numerous other cases in the Texas and New York federal courts. As such, Plaintiff's claims are duplicative and therefore, frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under § 1915 when complaint "merely repeats pending or previously litigated claims").

Second, Plaintiff's claims against Zeller and Livingston, regarding alleged sexual assault that occurred in Texas, may not be joined with Plaintiff's separate claims that HPD or its officers refused to initiate criminal proceedings. *See* Fed. R. Civ. P. 18.   "A claim based on different rights and established by different transactional facts will be a different cause of action."  *Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993).   Under Rule 18(a), multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with an unrelated Claim B against Defendants 2 and 3.   Unrelated claims against different defendants belong in different suits, not only to prevent the sort of incomprehensible document that Plaintiff's Complaint represents, but also to ensure that prisoners pay the required filing fees pursuant to the Prison Litigation Reform Act, and to deter their filing frivolous suits or appeals with impunity.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, since this court has dismissed the claims against Rivas and McFarland, venue is improper in Hawaii.  Under § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the

action may otherwise be brought.  28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction). Venue may be raised by the court *sua sponte* when the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  Plaintiff, Zeller, and Livingston are all domiciled in Texas, thus, venue is proper in Texas, not Hawaii.

Because Plaintiff's claims against Zeller and Livingston are duplicative of claims currently pending in Texas, however, it is not in the interests of justice to transfer this action.  *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992) (court should determine whether the interests of justice favor transfer or dismissal); *Shemonskey v. Office of Thrift Supervision, Dep't of Treasury*, 733 F. Supp. 892, 895 (M.D. Pa. 1990) (holding that transferring a case that would be dismissed is not in the interests of justice); *Safeco Ins. Co. v. Miller*, 591 F. Supp. 590, 597 (D. Md. 1984) (same); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979) (same).  Plaintiff's claims against Zeller and Livingston are DISMISSED and the court declines to transfer them to Texas.

C.     **Plaintiff's Motion to Seal is Denied**

Plaintiff provides no persuasive argument why his exhibit, "Offender Protection Witness Statement/Report of Interview," should be sealed.  While

making no finding of fact concerning the veracity of this document or its claims, it is readily apparent that the document is not verified in any manner by the TDCJ, although it is apparently a TDCJ official report.  It also appears to have been written entirely by Plaintiff , including the investigator's signature "M. MA," which is strikingly similar to Plaintiff's handwriting.  The Motion to Seal is DENIED.

### D.   Plaintiff's In Forma Pauperis Application is Denied

Plaintiff's *in forma pauperis* application is incomplete.  It does not contain a copy of the past six months balances and transactions of his prison trust account, and it is not signed by prison officials.  *See* 28 U.S.C. § 1915(b)(1). Further, because the court is dismissing this action, Plaintiff's *in forma pauperis* application is DENIED.  Plaintiff is NOTIFIED that he may not submit motions, requests or documents in this action until he has either paid the filing fee or submitted a complete *in forma pauperis* application and it has been granted.  The court will strike or take no action on any documents that Plaintiff files, other than a notice of appeal, until he has done so.

### E.   28 U.S.C. § 1915(g)

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if

15

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."   Because Plaintiff's Complaint is frivolous and fails to

state a cognizable claim under § 1983, this dismissal shall constitute a strike under

28 U.S.C. § 1915(g).


## IV.  CONCLUSION

1.     Plaintiff's Complaint is DISMISSED.  Specifically, this court finds

that (1) Plaintiff's claims are frivolous; (2) Plaintiff fails to state a claim against

Defendants Jarbin Rivas and Jason McFarland, and claims against them are

DISMISSED WITH PREJUDICE; and (3) Plaintiff's claims against Defendants

Bruce Zeller and Brad Livingston are duplicative, thus frivolous, and are

DISMISSED WITHOUT PREJUDICE.  Because amendment is futile, this

dismissal is WITHOUT LEAVE GRANTED TO AMEND.

2.     Plaintiff's Motion to Seal is DENIED.

3.     Because Plaintiff's *in forma pauperis* application is incomplete and

the court has dismissed all claims in this action, the application is DENIED.

16

Plaintiff may not file any further documents in this action until he either pays the filing fee or submits a complete *in forma pauperis* application and it is granted. The Clerk is DIRECTED to docket any further pleadings, motions, documents, exhibits, etc. submitted by Plaintiff in this action, **other than a notice of appeal**, as "requests" or "correspondence." Until payment is received, the court will take no action on such requests. The Clerk is DIRECTED to terminate this action, and to process any notice of appeal filed by Plaintiff in this action in the normal manner.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, July 30, 2010.



         _____
         David Alan Ezra
         United States District Judge

Finley v. Rivas, et al., Civ. No. 10-00421 DAE-LEK; ORDER DISMISSING COMPLAINT, DENYING IN FORMA PAUPERIS APPLICATION, AND DENYING MOTION TO SEAL; pas\screening\D.P. 2010\ Finley 10-421 DAE (dsm friv dny IFP incomp)